NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 23 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONGLI MA, | No. 13-73207 |
| Petitioner, | Agency No. A088-292-399 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Hongli Ma, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").   We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Ma's omission from her asylum application statement of 17 years of forced re-education classes and a threat of punishment for failing to continue to attend the classes, and on a discrepancy as to why Ma was not required to have an intrauterine device after her first pregnancy. *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"); *see also Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (adverse credibility finding supported by substantial evidence when added details told a different, more compelling story of persecution). Ma's explanations for the omission and discrepancy do not compel the contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Further, Ma's corroborative evidence does not rehabilitate her testimony. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). In the absence of credible testimony, Ma's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Ma's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not she would be tortured if returned to China. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**